IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARLA BROWN                                                  PLAINTIFF

vs.                                    Civil No. 4:13-cv-04098

CAROLYN W. COLVIN                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Marla Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title II of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**       **Background:**

      Plaintiff protectively filed her SSI application on January 11, 2010.  (Tr. 11, 192-195).  Plaintiff alleges being disabled due to the following: bipolar disorder, arthritis, and memory problems.  (Tr. 217).  Plaintiff alleges an onset date of September 30, 2007.  (Tr. 11, 192).  This application was denied initially and again upon reconsideration.  (Tr. 63-64).

      Thereafter, on July 21, 2010, Plaintiff requested an administrative hearing on her application.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

(Tr. 78-79). This hearing request was granted. (Tr. 88). Plaintiff's administrative hearing was held on March 10, 2011. (Tr. 58-62). At this hearing, the ALJ determined he had not received all of Plaintiff's medical records, and he then scheduled a second hearing. *Id.*

Plaintiff's second administrative hearing was held on August 29, 2012 in Texarkana, Arkansas. (Tr. 29-57). Plaintiff was present at this hearing and was represented by Greg Giles. *Id.* Plaintiff, Vocational Expert ("VE") Ms. Pomerov, Medical Expert ("ME1") Dr. Murphy, and Medical Expert ("ME2") Dr. Smith testified at this hearing.[2] *Id.* During this hearing, Plaintiff testified she was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008). (Tr. 37). Plaintiff also testified she had only completed the eleventh grade in high school but had obtained a CNA license. *Id.*

On September 15, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 8-21). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 11, 2010, her application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: obesity, a history of renal insufficiency and renal disease, hypothyroidism, status post pacemaker, diabetes mellitus, and an affective disorder. (Tr. 13, Finding 2). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-19, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her

---

[2] The first names of Ms. Pomerov, Dr. Murphy, and Dr. Smith were not included in the transcript.

claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the following as defined in 20 CFR 416.967(b): from the alleged onset date to June, 2011, the claimant could perform medium exertion lifting 50 lbs occasionally and 25 lbs frequently, and from June, 2011 to the present, the claimant could perform light exertion lifting 20 lbs occasionally and 10 lbs frequently.  The claimant could stand/walk for up to six hours a day, sit six hours per day respectively, and could understand simple and detailed instructions and tasks and can [have] incidental contact with the public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW.  (Tr. 19, Finding 5).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 9).  The VE testified at the administrative hearing on August 29, 2012 regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retains the capacity to perform work as a the following: (1) marker (light, unskilled) with 100,000 such jobs in the United States, 1,000 in Texas, and 700 in Arkansas; (2) shirt presser (light, unskilled) with 660,000 such jobs in the United States, 1,100 in Texas, and 700 in Arkansas; and (3) garment sorter (unskilled) with 160,000 such jobs in the United States, 2,000 in Texas, and 700 in Arkansas. (Tr. 20).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined she was not disabled from her alleged onset date of January 11, 2010 (date her application was filed) through the date of the ALJ's decision or through September 15, 2012.  (Tr. 21, Finding 10).

Thereafter, on September 28, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 28).  On October 1, 2013, the Appeals Council declined to review

3

this unfavorable decision. (Tr. 1-3). On October 22, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 22, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

4

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (1) the ALJ erred in finding her impairments do not meet the requirements of the Listings; (2) the ALJ erred in discounting the opinion of her treating physician; (3) the ALJ erred in his RFC determination; and (4) the ALJ erred in failing to submit a proper hypothetical to the VE. ECF No. 11 at 1-21. Because the Court finds the ALJ erred in failing to properly consider the opinions of Plaintiff's treating physician, the Court will only consider Plaintiff's second argument for reversal.

Plaintiff's treating physician is Dr. L.J. Parker, M.D. Dr. Parker has been treating Plaintiff since 2010. (Tr. 581-586, 591-604, 733-740, 1005-1012). On March 17, 2011, Dr. Parker completed an RFC evaluation report wherein he found Plaintiff suffered from extreme work limitations, including requiring "complete freedom to rest frequently without restriction," being limited to lifting only 5 to 10 pounds, and being limited to carrying only 5 to 10 pounds. (Tr. 582-586).

With his RFC assessment, the ALJ discounted Dr. Parker's findings. (Tr. 14-19). In his decision to reject Dr. Parker's findings, the ALJ provided little analysis: "The undersigned also rejects Exhibit 22F, in which Dr. Parker stated that the claimant needs to have complete freedom to rest frequently throughout the day, as not supported by the evidence as a whole, including physical exams or treatment records. Dr. Parker cites joint pain as the basis, this is a symptom not supported by the objective evidence of 5/5 muscle strength. More weight is given to the independent medical expert Dr. Murphy who reviewed the entire record and cited impairments." (Tr. 18).

Noticeably absent, apart from considering his finding that Plaintiff requires this "complete freedom," the ALJ did not state any reason for discounting Dr. Parker's *other* findings, including his stated lifting and carrying restrictions. (Tr. 18). Further, the only basis the ALJ provided for discounting Plaintiff's need for "complete freedom to rest" was that it was not supported "by the evidence as a whole," including the finding of "5/5 muscle strength." *Id.* Because Dr. Parker is a treating source, this analysis is simply not sufficient. *See* 20 C.F.R. § 404.1527(d)(2) (2012). *See also Tiley v. Astrue,* 580 F.3d 675, 680 (8th Cir. 2009) (holding "[t]he regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating physician's opinion"). Thus, this case must be reversed and remanded for further consideration of Dr. Parker's findings.

6

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of December 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE